**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK CABRAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br><br>CITY OF CORCORAN, et al.,<br>Defendants. | Case No. 1:26-cv-02950-KES-EGC<br><br>**FIRST SCREENING ORDER; ORDER FOR PLAINTIFF TO:**<br><br>**1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR**<br><br>**3) FILE A NOTICE OF VOLUNTARY DISMISSAL**<br><br>(Doc. 1)<br><br><u>FOURTEEN-DAY DEADLINE</u> |

On April 20, 2026, Derek Cabral, Amanda Cortez, and Cynthia Erwin ("Plaintiff"), proceeding *pro se*, filed a complaint against the City of Corcoran and its officials (Mayor Sidonio Palmerin, Vice Mayor Jerry Robertson, Council Members Greg Ojeda, Patricia Nolen, Jeanette Zamora-Bragg, City Manager Tina Gomez, Public Works Director Jospeh Faulkner, Code Enforcement Jimmy Roark, Utility Billing Michael Marquez and Christine Campos, City Clerk Marlene Spain) (collectively "Defendants"). (Doc. 1 ("Compl.") at 1). Plaintiffs also filed applications to proceed *in forma pauperis*, which were granted on June 5, 2026. (Docs. 6, 7, 8, 12). Plaintiffs' complaint is now before the Court for screening. Upon review, the Court concludes that the complaint fails to state a cognizable claim.

Plaintiffs have the following options as to how to proceed: Plaintiffs may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiffs may file a statement with the Court stating that they want to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. Lastly, Plaintiffs may file a notice of voluntary dismissal. If Plaintiffs do not file anything, the Court will recommend that the case be dismissed.

## I.    SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff

must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.        SUMMARY OF PLAINTIFFS' COMPLAINT

Plaintiffs' complaint names "the City of Corcoran and its officials (Mayor Palmerin, Vice Mayor Robertson, Council Members Ojeda, Nolen, Zamora-Bragg, City Manager Gomez, Public Works Director Faulkner, Code Enforcement Roark, Utility Billing Marquez and Campos, City Clerk Spain)" as Defendants. (Compl. at 1). Plaintiff states that subject matter jurisdiction is based on federal question, (*id.*), specifically invoking "42 U.S.C. § 1983 and the Fourteenth Amendment," (*id.*).

As to Plaintiffs' factual allegations, Plaintiffs allege that "[i]n mid-November 2025, Defendants shut off water service to 1715 Chase Ave without notice and without a hearing." (*Id.* at 2). Plaintiffs further allege that Defendants "refused to place water services in Plaintiffs' names as successors in interest" and "demanded $500-$600 per month to restore water." (*Id.* at 2). Plaintiffs allege that "[w]ithout water, the property became infested with rats, roaches, fleas, and flies," and that various other pieces of personal property was destroyed. (*Id.*). Plaintiffs additionally allege that there was a foreclosure sale scheduled for April 21, 2026" and that on April 20, 2026 at 9:45 a.m., "a City employee snuck onto the property, hung a water shut-off notice on the front door, and fled before Plaintiff could identify him." (*Id.*).

Plaintiffs then list seven causes of action: (1) "Due Process Violation — 42 U.S.C. §

3

1983 + 14th Amendment," (2) "Equal Protection Violation — 42 U.S.C. § 1983 + 14th Amendment," (3) "California Water Code Violation — Cal. Health & Safety § 116630," (4) "Habitability Violation — Cal. Gov't Code § 65850.3," (5) "Constructive Eviction — Cal. Code Civ. Proc. § 789.3," (6) "Intentional Infliction of Emotional Distress," (7) "Negligence," and (8) "Unlawful Fees — Cal. Civ. Code § 1942.4." (*Id.*).

As to relief, Plaintiffs request "TRO stopping foreclosure, restoration of water, property damages ($152k), military legacy damages ($1.5M-$2.5M), statutory penalties ($640k-$2.32M), emotional distress ($900k-$2.75M), punitive damages against individual defendants ($850k-$3.5M), and other relief." (*Id.*).

### III.    DISCUSSION

**A.    Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that they are entitled to relief. Although the Federal Rules use a flexible pleading policy, Plaintiffs are required to give fair notice to Defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give a defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Plaintiffs' complaint is an impermissible "shotgun" pleading. A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14–cv–00037–TLN–AC, 2014 WL 5797365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted).

The complaint alleges various claims, but it is not clear *what* facts relate to *which* claim or *which* defendant, or *how* the facts relate to the legal claims raised. Plaintiff alleges "Defendants" "shut off water service" "without notice or a hearing," "refused to place water service in Plaintiffs' names as successors in interest," "demanded $500-$600 per month to

4

restore water.  (Compl. at 4).  Plaintiffs do not explain how these actions were wrongful or otherwise give rise to the claims pleaded, and Plaintiffs' complaint fails to give Defendant "fair notice" of the claims against which Defendants must defend and the facts and legal theories that give rise to the claims.  *See* Fed. R. Civ. P. 8(a)(2); *Brazil*, 66 F.3d at 199; *McKeever*, 932 F.2d at 798.

Therefore, the Court finds that Plaintiffs have not stated a claim as their complaint fails to meet the requirements of Rule 8.

**B.      Rule 11**

Plaintiffs have failed to comply with Federal Rule of Civil Procedure 11(a), which requires all Plaintiffs to sign the complaint.

**C.      Leave to Amend**

The Court has screened Plaintiffs' complaint and finds that it fails to state any cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiffs with time to file an amended complaint so they can specify their claims with additional factual allegations.  *Lopez*, 203 F.3d at 1130.

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).  Each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiffs are further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed *by all Plaintiffs* under penalty of perjury.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, Plaintiffs certify that they have made reasonable inquiry and have evidentiary support for their allegations and that for violation of this rule the Court may impose sanctions sufficient to deter repetition by Plaintiffs or others.  Fed. R. Civ. P. 11.

Although Plaintiffs have been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  The Court makes clear that if Plaintiffs choose to seek relief based on a different cause of action, that new cause of action must be reasonably related to the allegations contained in the original complaint.

Plaintiffs have a choice on how to proceed.  Plaintiffs may file an amended complaint as described above, which will be screened in due course.  Alternatively, Plaintiffs may choose to stand on their complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiffs may file a notice of voluntary dismissal.

### IV.    ORDER

Based on the foregoing, IT IS ORDERED that within fourteen (14) days from the date of service of this order, Plaintiffs shall either:

1.    File a First Amended Complaint;

2.    Notify the Court in writing that they wish to stand on the current complaint; or

3.    File a notice of voluntary dismissal.

If Plaintiffs choose to file an amended complaint, Plaintiffs shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-02950-KES-EGC.  **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:    **June 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6